IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

FILED-CLERK
S. DISTRICT COURT
04 MAR 17 PM 2:28
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| AGERE SYSTEMS INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EAST TEXAS TECHNOLOGY PARTNERS, L.P.,<br><br>Defendant. | CIVIL ACTION NO.<br>2-04CV-108<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff Agere Systems Inc. ("Agere"), by and through its undersigned attorneys, files this Complaint.

## PARTIES

1. Plaintiff Agere is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 555 Union Boulevard, Allentown, Pennsylvania 18109.

2. On information and belief, Defendant East Texas Technology Partners, L.P. ("ETTP") is a limited partnership organized under the laws of the State of Texas with a principal place of business at 2600 Avenue K, Suite 207, Plano, Texas 75074.

## JURISDICTION AND VENUE

3. Jurisdiction over this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).

4. This action arises from an actual and justiciable controversy between Agere and ETTP. ETTP has commenced an infringement action against a number of Agere customers claiming that they manufacture for sale and sell electronic products, including products that are

002.1163519.2

equipped with modems that are compliant with the International Telecommunication Union standard, ITU-T V.92, entitled "Series V: Data Communication over the Telephone Network; Simultaneous Transmission of Data and Other Signals; Enhancements to Recommendation V.90" (the "V.92 compliant modems"), and claiming that such products infringe United States Patent No. 6,574,239 (the "'239 patent"), allegedly owned by ETTP. ETTP describes the '239 patent as being directed in part to "a method and device for reconnecting a telephone modem with a reduced delay." Second Amended Complaint, ¶ 14. ETTP seeks to enjoin the manufacture and sale of these products, which contain Agere V.92 compliant modems. Furthermore, ETTP's filing of a complaint has created an objectively reasonable apprehension that Defendant will initiate an infringement action against Agere by Agere's on-going manufacture and sale of V.92 compliant modems.

5. This Court has personal jurisdiction over ETTP by virtue of ETTP being a limited partnership in the State of Texas and having its principal place of business in Plano, Texas.

6. Venue is proper under 28 U.S.C. § 1391.

## BACKGROUND

7. United States Patent No. 6,574,239, entitled "Virtual connection of a remote unit to a server," issued on June 3, 2003. A copy of the '239 patent is attached as Exhibit A.

8. On December 30, 2003, ETTP filed suit against Toshiba America, Inc., Compaq Computer Corp., Dell Computer Corp., and Gateway, Inc., alleging infringement of the '239 patent. *East Texas Technology Partners, L.P. v. Toshiba America, Inc.*, No. 2-03CV-465-TJW (Honorable T. John Ward) (the "East Texas Action"). In the same action, ETTP filed a second amended complaint on February 10, 2004 alleging infringement of the '239 patent by Toshiba America, Inc., Compaq Computer Corp., Dell Computer Corp., Gateway, Inc., Apple Computer, Inc., Hewlett Packard Co., International Business Machines Corp., Acer America Corp., and Emachines, Inc. ETTP alleges that it is the owner of the '239 patent.

9. ETTP claims that the defendants in the East Texas Action infringe the '239 patent by making, using, offering to sell, and selling within the United States the inventions of the '239

002.1163519.2

patent, importing into the United States the inventions of the '239 patent, and/or inducing others to infringe the '239 patent within the United States.

10. On information and belief, ETTP alleges that devices that include V.92 compliant modems infringe the '239 patent. Agere supplies V.92 compliant modems that are used in devices sold by a number of the defendants named in the East Texas Action.

11. As a result of ETTP's filing of a complaint seeking to enjoin a number of Agere's customers from infringing and inducing the infringement of the '239 patent, ETTP has placed Agere on notice that it considers Agere's modems to be subject to the '239 patent. There exists an actual and justiciable controversy between ETTP and Agere concerning whether products equipped with Agere modems infringe the '239 patent, and whether Agere's manufacture or sale of modems creates infringement of the '239 patent, either directly or by inducement or contributorily.

## **CLAIM FOR RELIEF**

12. Plaintiff realleges and incorporates herein each and every allegation of Paragraphs 1-10, inclusive, as set forth above.

13. Agere has not, and is not now, making, using, selling, or offering for sale in the United States or importing into the United States any modems that individually or when used in electronic products sold by Agere's customers literally infringe any valid and enforceable claim of the '239 patent.

14. Agere has not, and is not now, making, using, selling, or offering for sale in the United States or importing into the United States any modems that individually or when used in electronic products sold by Agere's customers fall within the range of equivalents of any valid and enforceable claim of the '239 patent.

15. Agere has not induced, and is not now inducing, infringement of any valid and enforceable claim of the '239 patent in any manner whatsoever.

16. Agere has not contributed, and is not now contributing, to the infringement of any valid and enforceable claim of the '239 patent in any manner whatsoever.

3

17. The claims of the '239 patent are invalid for failing to comply with one or more of the provisions of Title 35 of the United States Code, including the respective provisions of 35 U.S.C. §§ 102, 103, and/or 112.

18. A judicial declaration that Agere has not infringed any valid and enforceable claim of the '239 patent is necessary and appropriate so that Agere can ascertain its rights with respect to the manufacturing and marketing of its products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Agere Systems Inc. respectfully requests the following relief:

A. A judgment that Agere does not infringe any valid and enforceable claim of United States Patent No. 6,574,239, literally, under the Doctrine of Equivalents, by inducement, or by contribution;

B. A judgment that the claims of United States Patent No. 6,574,239 are invalid;

C. An injunction preventing Defendant, its officers, partners, employees, agents, parents, subsidiaries, and anyone in privity with one or more of the foregoing parties from suing or threatening to sue Agere or its customers for infringement of the '239 patent.

D. A judgment awarding Agere its costs and reasonable attorney's fees expended in bringing, maintaining, and defending this action; and

E. A judgment awarding Agere such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands that all issues be determined by a jury.

Dated:                                           Respectfully submitted,

_John Feldhaus_ by pcm, MCS
John J. Feldhaus, VA Bar No. 20046
Attorney In Charge
Pavan K. Agarwal, VA Bar No. 40351
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
202.672.5300
202.672.5399

Attorneys for Plaintiff, Agere Systems Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by first class mail to each attorney/party of record on this 17th day of March, 2004:

| | |
|---|---|
| Douglas A. Cawley, Attorney in Charge<br>Mike McKool, Jr.<br>T. Gordon White<br>McKool Smith, PC<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201<br>*Counsel for Defendant East Texas Technology Partners, Inc.* | ✓  Via First Class Mail |

_____
John Feldhaus